Thank you, Your Honor. May it please the Court. My name is Nathaniel Boyer. I represent the appellants Hearst Newspapers, LLC and Hearst Magazine Media, Incorporated. This case presents a single dispositive question. When does a claim accrue within the meaning of the Copyright Act's statute of limitations? Now, to our knowledge, this is the first time this Court with an argument that an occurrence rule applies as opposed to a discovery rule to the current Copyright Act's statute of limitations. This is also the first time this Court has an opportunity to consider the effect of the Supreme Court's decision in 2014 in Petrella on the interpretation and application of the Copyright Act's statute of limitations, although this is not the first time this Court has considered Petrella generally. That was in 2020 in the decision in Energy Intelligence Group, where Judge Higginson, is that what I call, writing for the panel, wrote that Petrella, quote, takes as given that a copyright claim accrues when an infringing act occurs, the incident of injury rule. Did Judge Higginson miss footnote four in Petrella? Judge Higginson did not miss footnote four in Petrella. Judge Higginson understood Petrella having, well, let me just stop that. I'll let Judge Higginson speak for what Judge Higginson thinks. Let's talk about what Petrella says. Yeah. Start with footnote four, right? There's some internal tension there. Sure. And of course, I mean, you proceed as you want, and the emphasis on first is, of course, one that favors you, but there is our Graper decision came down shortly after Petrella. Correct. And whether we're bound by that may be conclusive rather than just a fresh look at the statute and Petrella. Sure. That's sort of the complex picture here, isn't it? Certainly. Let's talk about this court's prior applications of the discovery, and we'll start with that Graper decision Your Honor just pointed out. Correct. It was shortly after Petrella. But in the Graper decision, Petrella was not brought to the court's attention, I would note. The court did not... You've checked that. There was no 28J. That is correct. I checked that. There was no 28J in Graper. The court did not pass on Petrella, and notably in Graper, the court cited to two out-of-circuit cases for the application of discovery. Cooper from the Tenth Circuit, and a Third Circuit case, William Graham. Both of those cases are premised on the presumption that a discovery rule is presumed to apply to statutes of limitations that are silent on the matter. That's part of the reasoning in both those cases. And as we argue in our briefs, that presumption has now been rejected by the Supreme Court in Rakitsky. Admittedly, of statutory language, but nonetheless, in Rakitsky, the court says clearly that it would be inconsistent with, quote, a fundamental principle of statutory interpretation that absent provisions cannot be supplied with the courts. It uses the vivid language, calling it a bad wine of recent vintage, to incorporate, or read in, a discovery accrual rule where there is no discovery accrual provision in the statute of limitations. And it a plaintiff has a complete and present cause of action. And I say reiterate, because the Supreme Court has been saying that repeatedly, starting with Bay Area Laundry in 97, TRW in 2000. I like the seamlessness of the argument, but you're moving quickly. So when we're jumping to Rakitsky, in your brief, you do say, and I think I'm quoting correctly, the discovery rule does not generally apply to statutes of limitations, absent clear language in the statute to that effect. Yes. Where does it say that in Rakitsky? Well, it says that. That is the import of the language when it says it would be inconsistent. Because in Rakitsky, they're looking at, you know, a pretty clear violation, unambiguous violation term. That is correct. Right. And you would agree that doesn't resolve, that doesn't sort of unequivocally resolve whether we use language, a statute using language of accrual, correct? That is accurate, but you need to understand that Rakitsky comes against the backdrop of a steady drumbeat of Supreme Court cases over about 25 years leading up to today, where it is repeatedly instructed that the meaning of accrue, in particular, refers to when a, by default, refers to when a plaintiff has a complete and present cause of action. And that's where I was sort of starting to go with this, you will look at that trend. Go back to that. Yes. So now let's look at Gabelli. Now I'm not trying to evade Judge Higginson's opinion, so hopefully you'll keep critiquing it. No, no, I very much think Judge Higginson hit the nail on the head. But let's talk, let's look through, as we were ticking through, we talked about Berry and Laundrie, TRW, Graham County soil as well, reiterated and noted that that's the standard rule against which Congress legislates. Then you get to Gabelli. Gabelli's interesting, because that's a case in 2013, which applies these same principles to a statute of limitations that itself uses the word accrue, and rejected the SEC's request to apply the discovery rule. And against that, now you get to Petrella in 2014. And when now Supreme Court in Petrella is saying the following, page 670, a copyright claim thus arises or accrues when an infringing act occurs. Not when it's discovered, not when the occurrence is discovered, but when it occurs. And note, it uses the word accrue and arise interchangeably in that sentence, which serves as an effective response to a point that my friends have raised, that in the statute of limitations in the Copyright Act, there's one for criminal, this is arise, and one that says accrue. Aside from the fact that that does not suggest that accrue necessarily incorporates a discovery rule here in Petrella, page 670. Using those words interchangeably. 671, an infringement is actionable within three years and only three years of its occurrence. Not the discovery of its occurrence, but its occurrence. 671 again, the statute of limitations runs separately from each violation, not the discovery of the violation, the violation. 677, 682, similar. It's strong in text above line, but what do you do with footnote four? Footnote four, the Supreme Court of course acknowledged that it wasn't being presented with a question of whether the discovery rule applies to the statute of limitations and wasn't passing on it there. The fact that it didn't pass on it doesn't mean that it therefore blessed that the discovery rule was being correctly applied by the courts of appeals. And I would draw your attention as well to what it did three years later in SCA, when it again, of course, declined to pass on that. But note the context of SCA as well. So 2017, this SCA case, the patent infringement case. One of the points the respondents had made in that case was to say, well listen, the copyright act, the statute of limitations of the patent act runs from the time of infringement, whereas the copyright act runs from the time of accrual. See, accrual incorporates the discovery rule, and that was sort of relevant to the arguments that were going on there. The Supreme Court made a point of saying, hold on, that's not necessarily true as to when a claim normally accrues. And it says that that's not normal rule. We haven't passed on the copyright act. And in fact, it then cites to a couple of cases as examples when there is a discovery accrual. In those instances, there's a discovery accrual provision in the statute of limitations. What if opposing counsel gets up and says to us, we don't even have the latitude to ignore a braper? We would disagree with that, of course. And I would point the court to what it did just last year or two years ago, I believe, in Bonvillian Marine Services. So let's start with the question of, must the Supreme Court explicitly address the specific question at hand for prior panel decisions to have been overruled by intervening Supreme Court precedent? The answer to that is no. Well, in your brief, you very carefully used the word that the two Supreme Court opinions undermined. That's the word you used. Yes. Undermined our precedent. You never said they, according to our rule, unequivocally overruled our prior precedent. And the rule in our circuit is, for the rule of orderliness not to apply, the precedent or the statute or whatever that's being claimed to have changed our court precedent has to unequivocally overrule it. You used the word undermined. Well, that is correct. Allow me to explain why they essentially have the same effect in this context. No. Undermined does not mean unequivocally overruled. If the reasoning, if the analysis has been fundamentally changed as a result of intervening Supreme Court precedent, then it has been, for all intents and purposes, unequivocally overruled in meeting the standard set. And let me explain exactly what's going on in Bonvillian Marine Services, because it's a great example. Well, but the fact remains, you used undermined. You never say unequivocally overruled. You knew what the rule for our circuit is on the rule of orderliness. Well, then, allow me to clarify. We believe that because the reasoning has been undermined, it has been, within the language and meaning of the circuit, unequivocally overruled. Well, just to be technical, you'd now be raising a new issue at oral argument, which we wouldn't consider. So it's a little late in the day, as we're dealing with the discovery road. You're a little late in the day to be raising that point. Well, I do believe that we argue in the reply brief, just to be clear, that it has been. When they point out that it hasn't been sufficiently clear, we point out in a reply brief that it is sufficiently clear and focus the court on the unequivocally overruled. And we note and we explain in the reply brief that, as we say, it's more art than science, which I think is a fair reading of Bonvillian Marine Services as to when it is unequivocally overruled. So Bonvillian is strikingly on point. That's a case where you had an intervening Supreme Court decision that also just happened to concern a statute of limitations. That intervening Supreme Court decision concerned a different statute of limitations with different language. The issue in that case was whether that was jurisdictional or not. And this court noted in Bonvillian Marine Services that the Supreme Court, in articulating how you should be interpreting this question with statute of limitations, had fundamentally changed the analysis. That was the language. And because it had fundamentally changed the analysis, and noting that these can be implicitly overruled, and that would meet the standards set by the court, the court said in Bonvillian Marine Services, we do not need to follow and indeed have an obligation, quote unquote, to deem overruled the prior precedent. And that is essentially what we're doing. But the other thing to note about this, the prior panel decisions were not presented with the benefit of the argument we have here. The prior panel decisions were not presented with the full breadth of the Supreme Court's development on these points. As we know, even in those two cases that were decided very shortly, one unpublished, one published, decided very shortly after Petrella, they weren't presented with the argument here. And, you know, look at one. Has any other circuit yet reversed its Copyright Act discovery rule in light of Petrella and Rutitsky? Or would you, if you're persuasive, would we be creating a split? You wouldn't, well, it's a little bit about how you define this. The Second Circuit arguably has. Although the Second Circuit, in its own language, adheres to the discovery rule. Some circuits have criticized the approach of what we call a Sohn case, where they basically limit the damages recovery period to three years back. Sohn is not in this case, right? By virtue of stipulations? That's right. We're not arguing for Sohn. And in the stipulations, it's not suggested that any party is advocating for that or would be appropriate here. So no party is advocating the Sohn rule. This would certainly be the first court to hold that the copyright claim accrues at the time of infringement, because that's not technically what the Second Circuit did. But the Second Circuit clearly was trying to grapple with this language of Petrella against the backdrop of the statute of limitations and trying to deal with its prior precedent and how it can also reconcile it with the language of Petrella. So to its credit, it was trying to get Petrella's language effect. But the answer, when you sort of march through the Supreme Court precedent and when you look at it against the body of case law, not just this circuit, but other circuits, as Judge Murphy pointed out persuasively in that concurring opinion in Everly v. Everly, are sort of just citing each other and not usually grappling in an exercise of statutory interpretation. When you do that, it warrants asking whether the courts have kind of gone astray and have kind of gone down this road of just assuming that the discovery rule applies without really doing analysis. So we are asking this court to do an analysis of statutory construction and to sort of right the ship on this particular point. Well, counsel, I'm not inviting this. I don't know which way we'll go with this case. But it does seem to me under the rule of orderliness, without more, it may be difficult for us to accept your argument and you're really making an in-bank argument, which is not bound by prior precedent in our circuit. That's always my favorite part of serving on this court, going to in-bank and put all of us present. But nonetheless, that's part of the rule. And it does seem to me that you really haven't yet shown, I mean, your key case obviously is Petrella. And if anything is clear from Petrella, it didn't make a clear holding of what to make with the footnote versus what is stating in the text. So whether it's unequivocal or even undermined, I'm not even sure we can get that far. You got any kind of general response to my at least suggestions? Sure. Well, I would note that we do think that we should focus on what the Supreme Court is saying and not what it is setting aside, at least for a later date, to ultimately decide, but certainly not blessing or approving. That's the way we read that footnote. When you talk about pavilion, it seems to me the clarity there just is absent in Petrella. In pavilion it says, we know time bars are jurisdictional if Congress, only if Congress is clearly so stated. And you don't have... So that's a new rule of general application and you just don't have a rule announced in Petrella. Well, perhaps the best way to look at it is this. It is not just Petrella. You see, as we try to walk through in our brief, it's a combination of Petrella in the language there, the Supreme Court's repeated instructions as to what the meaning of the word accrue is by default, coupled with the Supreme Court's rejection of a presumed default discovery rule. And I do not understand the penalties to have argued for what it's worth in this case that there is a presumed default rule in favor of the discovery rule. I see my red light is up. Was your answer complete? Uh, reasonably complete, yes.  You could have had more time, but only to answer. Thank you, Your Honor. Thank you. Good morning, Your Honors. May it please the Court. Renee Aragona. I'm appearing on behalf of Plaintiff Appelli Antonio Martinelli. The discovery rule applies to the accrual of copyright acts, civil statute of limitations, and has applied in this and eight other sister circuits for almost 30 years, since about 1994. And of equal significance is that Congress has not changed the statutory provision in 507B since the limitations period was added in 1957. And in addition to the foregoing, there are several reasons why this court must affirm the decision below and continue to apply the discovery rule to civil copyright... to the civil copyright statute of limitations accrual. And I believe Your Honors have already touched upon many of those in the... during the appellant's argument. Well, what do you say about Graper didn't even have Petrella presented to it? So it could not have been considering or addressing it. Well, I think that in Graper... I think looking at Petrella as a whole, rather than just selecting some of the language that appellant has selected out of the decision, Petrella as a whole stated that... the plaintiff has a complete and present cause of action and generally begins to run at the point when the plaintiff can file suit and obtain relief. And like counsel pointed out, yes, at the end they do state that a copyright claim thus arises or accrues when an infringing act occurs. But if that had been the end of the opinion without that drop to the footnote, then I think there would be a stronger argument that Petrella was... undermining the application of the discovery rule. But they do not actually do that. When you say the 30 years culminating in Graper applying the discovery rule, can you point to any case that explains other than just does it? Graper, there's no explanation. There's no statutory analysis. And I guess the follow-up question then is do you know whether our rule of orderliness is relaxed? When the Supreme Court changes the landscape and the alleged precedent really never explored it at all. It just simply announced a rule. I don't believe that is the case, Your Honors. I think that going back to... I'm going to mispronounce this, but Maked Publication Co. v. Johnson in 1994, which cited to Prather v. Niva Paperbacks, in Maked's publication, the court said that they were persuaded by the Ninth, Sixth, and Second Circuits interpretation of 507B. Right, everyone's persuaded by everybody, but where's the case that actually says what's persuasive? So I think in Graper, Graper is citing to Graham v. Hawley, which does do an analysis of the legislative history when the Civil Statute of Limitations was enacted in 1957. And I think that language in the Senate report... So Graper was relying on Graham, which did the full analysis. I guess I'm just thinking intuitively. We see discovery rule in situations where there are latent diseases that really a plaintiff would never know about. Makes sense. Once they get to the doctor, they're told that's when the claim accrues. But here, the photographs of your client, of the beautiful photographs, they're out there. I mean, they're in print all over the place. Yes, Your Honor. So why wouldn't it make sense to have people be vigilant and assert their copyright claims pretty much as soon as those photographs are out there in the world? That's the infringing. They can't sit on that right and then later say, well, we just didn't see the photos. Correct, Your Honor. And a lot of these artists are not sitting on their rights. They are now that works have been displayed on the Internet, now with the invent of new technology. There are ways to search, which I believe was discussed in the briefs. There are ways to search for, in this instance, photography on websites. But there are billions of websites out there. It is like looking for a needle in a haystack. As diligent as they could be, even the technology to do those searches is not perfect. And if there's billions of websites that have multiple pages within them, that technology to do that search may not capture or discover those infringing uses all the time. And there are actually, I believe, cases where the website can essentially block the search. For a Google search by image, it indexes, Google will index a website, but those websites, some of the websites, can prevent or decline Google from indexing them. So you're saying it's up to Congress. They can do what they did in Ratitsky and the FDCPA. Correct. If they want to have a right-line rule that's easy to apply, they can change it to violation or infringe. Yes, Your Honor. Yes, and going back to the Senate report and the statements therein, it was pointed out that due to the nature of publication of works that are works of art, that generally the person injured receives reasonably prompt notice or can easily ascertain any infringement of his rights. This was back in 1957 where the majority of everything was in print. There was no digital. So possibly it was easier to discover infringements at the time that they were occurring. But now, again, with the progress of technology, that is getting more difficult to do. And I think that is explained well within the... How many circuits have been presented with opposing counsel's argument and stuck to the discovery rule interpretation of 507? I believe at this point it has been the Ninth Circuit and the Second Circuit in Soam. Second Circuit in Soam and the Ninth Circuit in Stars v. MGM. And both reviewed Petrella and Rokitsky and both have said MGM and Stars and Soam on Petrella. While some language in Petrella is perhaps consistent with the injury rule in light of the Supreme Court's direct and repeated representations that's through Petrella and SCA Hygiene that it has not opined on the propriety of the discovery rule it would contribute being principles of stare decisis for this court to depart from its prior holding on the basis of Petrella which I believe this court should follow as well. And then as far as Rokitsky Soam stated that the Supreme Court's decision does not persuade us to depart from the holding because Rokitsky is based on the interpretation of the Fair Debt Collection Practices Act which may be brought within one year from the date which the violation occurs and specifically said Rokitsky is in a posit. So I think that again even looking to Petrella the court by saying generally begins to run and ordinarily accrues that leaves open the possibility of an exception of an equitable doctrine which the Senate report does go further into and which was considered by the Third Circuit in Graham-Hawyee which was cited to by Graper One of the questions was should specific equitable one of the questions for the Senate was should specific equitable considerations with reference particularly to tolling the statute be set out in the statute and with respect to the question of enumerating various equitable situations on which the statute of limitations is generally suspended the Judiciary Committee reached the conclusion that this was unnecessary in as much as the Federal District Courts generally recognize these equitable defenses anyway. My last question to prevail for you what do we say about Energy Intelligence Group? Slip of the pen? Well, Your Honor looking at I believe that statement was in footnote 5 where I think it was summarized and it left out the beginning portion where it says the rule of separate accrual the whole provision in footnote 5 says the rule of separate accrual as discussed in Petrella takes as given that a copyright claim accrues when the infringing act occurs and treats each successive infringing act as a new independent wrong with its own limitations period but then in footnote 6 the court says in reviewing Petrella the court distinguished latches from the common law doctrines of equitable tolling and estoppel which do apply to copyright suits so I think that this court did acknowledge that the discovery rule is still in effect. I don't believe either side has directed this to any cert granted or pending on this issue. No, Your Honor it's not at this time. Anything else, Counsel? I believe that just in closing that again there's nothing for the court to do here but to apply the binding precedent on the discovery rule that there's been no circuit split and even if there were this court would not be able to resolve any split this would be for the Supreme Court or for Congress to do and the fact that it has not been done for 30 years or so I think indicates that Congress did intend for the federal courts to be able to apply this discovery rule. Alright, Counsel. Thank you, Your Honors for the opportunity to appear. Certainly. Your Honors I'll just respond to a few points that were raised by Appellee. First, in response to your question I'm not aware of a pending cert petition on this issue. Now, in response to a couple points the fact that Congress hasn't amended the Copyright Act on this particular point since it was enacted in 1976. One, we shouldn't draw conclusions from that. There's a lot of reasons Congress doesn't do things. And I'm not even aware and there's nothing in the record about a bill being presented to Congress or this being considered. But I will also note that it's worth asking okay, if we're going to talk about the Congressional record which to be clear I don't even know if we need to get to because we don't believe this is ambiguous. But if you're going to look at it what was Congress doing in 1976 when it enacted the current Copyright Act? It carried over the language in the prior act as Appellee accurately acknowledged verbatim on this point. It hadn't been amended in 1957 to add this. So then it raises the question how were courts interpreting the prior statute of limitations? This court in Prather v. Nebbe paperbacks in 1971 did not apply and rejected a request from an appellant in that case to apply a discovery accrual rule. Instead it hewed to it asked the question which was sort of raised a little bit in Appellee's argument about whether or not there was the plaintiff excuse me the use had been fraudulently concealed ultimately in that case couldn't meet those elements and therefore the claim was untimely. But that sort of is the point. As we explain in our brief the legislative history indicates that Congress was actually considering should we codify fraudulent concealment among some other equitable doctrines. And they ultimately declined to because they said courts are doing that anyway. But as the Ausface case and Judge Kappen of the Southern District observed that would have been a wholly unnecessary consideration for Congress as it was considering the 76 Act to even get into if the claim didn't accrue until it was discovered in the first place. So the fact that Congress was operating against the backdrop that fraudulent concealment exists and is available and frankly would address some of the concerns and the policy issues that were raised by Apelli here about you know it might be difficult to find some uses which I'll touch upon as well in a moment. That is something that can still be addressed without hewing accrual to discovery in all instances. So that's the first thing. The second thing on the policy point obviously this court doesn't set policy that's something for Congress ultimately to determine if it feels like it can and of course we cite many examples in our brief of where Congress has statutes of limitations with discovery accrual provisions including some including at least one excuse me that pre-dates the Copyright Act and that's not and it didn't do that here. But I would note just to push back a little bit on the idea that the internet is a vast sea and you can never find anything. To the extent it's probably true that you know the internet has made copyright infringement more frequent it's made it easier to discover. Congress of course was legislating in a world where although paper was what things were circulated on you may not have discovered an infringement at the time and it still sort of baked that in to giving a plaintiff three years to ultimately find and bring a claim. It's probably more likely frankly now that you might discover a far away infringement because now you can find that far away infringement and there are tools available to do so. And I would just respect and I won't get deeper into policy points except to respectfully refer the court to the amicus brief which is submitted which we think is persuasive on a number of these points. And lastly the William Graham Archives case in the Third Circuit I think Appelli accurately pointed that's probably the one case where a court actually engages in an exercise of statutory construction and reaches a conclusion in favor of the discovery rule. We address why we think those conclusions are incorrect in our brief but I want to point one thing out about the William Graham Archives case which I mentioned but I'm going to expand upon and I mentioned in my opening. William Graham Archives was signed in 2009 by the Third Circuit. Part of its reasoning was a presumed discovery rule approach. We quote that in our brief and we believe that has now been rejected by the Supreme Court. Notably Rakitsky the case which we hold out as having rejected the presumed discovery rule approach affirmed a ruling from that same Third Circuit that said there is quote there is no default presumption that all federal limitations periods run from the date of discovery. Now look that's going to be for the Third Circuit to sort out but it does at least put a pin in the point of how does William Graham Archives if we're being decided today even in the Third Circuit would they have ruled the same way? This is very much an issue in flux. We encourage and urge this court to hold that a claim accrues at time of its occurrence sticking true to statutory interpretation as the Supreme Court has set forth and we urge reversal. Thank you, Your Honors. All right, Counsel. Thanks to both of you for helping us understand this case.